# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4750 | **DATE** | 1/29/2001 |
| **CASE TITLE** | In Re: In Re: Holly Marine Towing | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, the Court grants claimants Staal & Gindl's motions to set aside the previously ordered injunction and to hold this proceeding in abeyance (20-1,2; 21-1,2); the injunction remains in effect only as a stay against entry and enforcement of judgment in Staal's and Gindl's state court cases pending determination by this Court of Holly's complaint for limitation of liability. Further proceedings are stayed pending the outcome of the state court cases. Status hearing set to 2/1/2002 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** | |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | JAN 31 2001 date docketed | | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | | 34 |
| | Copy to judge/magistrate judge. | | docketing deputy initials | | |
| OR | courtroom deputy's initials | 01 JAN 30 PM 5:00 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In the Matter of the Complaint of        )
HOLLY MARINE TOWING, INC., Owner         )    Case No. 00 C 4750
of the Barge HMT 7, for Exoneration from )
or Limitation of Liability               )

**MEMORANDUM OPINION AND ORDER**          DOCKETED
                                          JAN 3 1 2001

MATTHEW F. KENNELLY, District Judge:

Claimants Lonny Staal and Jeanne Gindl, the Special Administrator of the Estate of John Gindl, filed actions in the Circuit Court of Cook County, Illinois for damages allegedly incurred on board the Barge HMT 7 on September 24, 1999. Holly Marine Towing, Inc., the owner of the barge, filed a complaint in this Court for exoneration from or limitation of its liability pursuant to the Court's admiralty jurisdiction. On August 14, 2000, Judge Ronald Guzman issued an injunction barring further proceedings in the state court case and directing notice to potential claimants of their right to contest Holly's request. Staal and Gindl have moved to set aside the injunction and hold this proceeding in abeyance pending conclusion of proceedings in the state court cases.

### Background

Staal and John Gindl were employed by Baker Heavy & Highway, Inc. and were using a boom lift located on the Barge HMT 7, which at the time was in the Chicago Sanitary & Ship Canal underneath Interstate 55. The boom lift came off the barge and fell into the canal, injuring Staal and Gindl, the latter fatally. Staal and the administrator of Gindl's estate each sued Baker Heavy & Highway; JLG Industries, Inc., the manufacturer of the lift; and Holly Marine Towing,

Inc., the owner of the barge.

Holly then filed a complaint in this court for exoneration from or limitation of liability pursuant to the Limitation of Liability Act, 46 U.S.C. app. §§ 181-196. The Act provides that the liability of a shipowner for damages arising from a maritime accident which occurs "without the privity or knowledge of such owner" shall not exceed the value of the vessel and its freight. *Id.* § 183(a). Judge Guzman entered an order enjoining all persons and entities from instituting or prosecuting any action for any losses incurred in connection with the accident, and directing notice to be published advising all persons with claims relating to the accident to file them in this Court. Claims were thereafter filed by Staal, Gindl, and JLG, the latter in anticipation of a claim for contribution against Holly. At the time of Judge Guzman's order, Holly filed an interim stipulation for value and costs executed by a surety, in the amount of $10,900, covering the claimed value of Holly's interest in the barge.

Staal and Gindl have both stipulated that Holly has the right to litigate in this Court all issues relating to limitation of its liability under §183(a); they have agreed not to seek any adjudication on that issue in the state court actions; they have waived any claim of *res judicata* concerning the issue of limitation of liability that may arise from judgments in the state court actions; and they have stipulated that they will not seek to enforce any judgment against Holly, or against any other liable parties who may cross-claim against Holly, insofar as such a judgment may expose Holly to liability in excess of the barge's value as determined by this Court. They have also stipulated that Gindl's claim will have priority over that of Staal. Based on these stipulations, Staal and Gindl seek to set aside the injunction to the extent necessary to allow them to proceed with the state court action, keeping it in effect only as a stay against entry and

2

enforcement of judgment in the state court pending the determination of the present proceeding.

**Discussion**

The purpose of the Limitation of Liability Act is to encourage shipbuilding and investment but limiting a shipowner's liability to the amount of his interest in the ship. *Joyce v. Joyce,* 975 F.2d 379, 383-84 (7th Cir. 1992). Under 28 U.S.C. §1333(1), federal courts have exclusive jurisdiction over actions to limit such liability. However, §1333(1) contains a "saving to suitors" clause preserving claimants' common law and other remedies to which they are otherwise entitled. *Id.*

As the Seventh Circuit has noted, there is an inherent conflict between a claimant's right to seek common law remedies before a jury – generally in state court – and the shipowner's right to limit its liability in federal court pursuant to the admiralty jurisdiction, where no right to a jury exists. *See In re McCarthy Brothers Co. / Clark Bridge,* 83 F.3d 821, 826 (7th Cir. 1996). In some situations, however, both the claimants' and the shipowner's rights may be preserved, and the courts have made it clear that a claimant's common law remedy cannot be taken away if an alternative exists that preserves that remedy while protecting the shipowner against liability in excess of the value of his interest in the ship. *See id.* at 827-28; *see generally Langnes v. Green,* 282 U.S. 531, 541-42 (1931). If that can be done, the federal court should abstain from exercising its jurisdiction and permit the state law action to proceed. *McCarthy Brothers,* 83 F.3d at 827-28.

In *McCarthy Brothers,* the Seventh Circuit described two situations in which a federal district court should abstain. First, it should allow the case to proceed in state court if the value of the limitation fund (i.e. the value of the vessel and its cargo) exceeds the aggregate of the

3

claims filed against the owner. *Id.* at 831. Second, if a single claimant bring an action seeking damages in excess of the value of the limitation fund, the federal court should abstain if the claimant makes stipulations adequate to protect the shipowner's rights under the Limitation Act. *Id.* Specifically, the claimant must concede the federal court's exclusive jurisdiction to determine all issues relating to limitation of the shipowner's liability and relinquish any claim of *res judicata* from the state court proceedings relevant to the issue of the limitation of the shipowner's liability. *Id.*

Both Staal and Gindl have made the necessary stipulations. Holly argues, however, that these stipulations are not sufficient to permit this Court to lift its injunction. Specifically, it argues that abstention is limited to situations in which a there is a single claimant. The Court rejects Holly's argument. The purpose of the stipulation requirement described in *McCarthy Brothers* is to guarantee protection of the shipowner's right to have its liability limited in federal court in the manner provided by federal law. Though *McCarthy Brothers* involved a single claimant, so long as the shipowner is protected, it should make no difference whether there is one claimant or ten. Indeed, *McCarthy Brothers* specifically permits a federal court to allow the case to proceed in state court if there are multiple claimants, so long as the value of the claims against the shipowner is less than the value of the vessel. *Id.* at 831, citing *Lake Tankers Corp. v. Henn,* 354 U.S. 147, 152-54 (1957). The stipulation requirement is really just a way of ensuring that the claim against the shipowner is not adjudicated for an amount exceeding the value of the ship. *See Lake Tankers,* 354 U.S. at 154. If this result can be accomplished with stipulations by multiple claimants, the federal court likewise should allow the case to proceed in state court, for do to otherwise would abnegate the claimants' common law remedies and their right to a jury

4

trial when it is unnecessary to do so to protect the shipowner's rights.

Holly argues, however, that because JLG has not filed a stipulation to this Court's authority to adjudicate the limitations issues, Holly is not adequately protected. It sketches a hypothetical scenario in which it is determined to be 10% liable in the state court proceedings, but Gindl and Staal recover judgments against JLG and Holly totaling in excess of $1,090,000, making Holly liable for more than $10,900, the value of the barge and its contents. Because Illinois follows the doctrine of joint and several liability, *see generally Best v. Taylor Machine Works*, 179 Ill. 2d 367, 426-33, 689 N.E.2d 1057, 1086-89 (1997) (invalidating a statute which purported to replace joint and several liability with proportionate several liability), JLG would be required to pay the entire judgment but would have a claim over against Holly for its proportionate share, which in this scenario would exceed the value of the barge. Because JLG has not filed a stipulation to this Court's jurisdiction, Holly says, it is not protected.

The Court disagrees. First, JLG, which is a party to this case by virtue of filing a claim here, has not objected to Gindl and Staal's motion to set aside the injunction, which expressly contemplated allowing the cases to proceed in state court and then to return to this Court for adjudication of the limitation issues following completion of the state court proceedings. By its silence, JLG may be deemed to have consented to this Court's determination of the limitation issues. Second, even if we were not entitled to rely on JLG's tacit consent, Holly is at risk only if Gindl and/or Staal prevail against JLG, and then only to the extent that Holly's proportionate share of any judgment exceeds the value of the barge and its contents. But in the stipulations entered into by Gindl and Staal, they have agreed not to seek to enforce any state court judgment exceeding the value the barge to the extent that it would expose Holly to liability in excess of the

5

barge's value, as determined by this Court. These stipulations are sufficient to protect Holly against the possibility of a claim over by JLG that exceeds the value of the barge.

## Conclusion

For the reasons stated above, the Court grants claimants Staal & Gindl's motions to set aside the previously ordered injunction and to hold this proceeding in abeyance [Items 20-1, 20-2, 21-1, 21-2]; the injunction remains in effect only as a stay against entry and enforcement of judgment in Staal's and Gindl's state court cases pending determination by this Court of Holly's complaint for limitation of liability. Further proceedings in the present case are stayed pending the outcome of the state court cases. The case is set for a report on status on February 1, 2002 at 9:30 a.m.

                                                                MATTHEW F. KENNELLY
                                                                United States District Judge

Date: January 29, 2001