# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4750 | **DATE** | 10/29/2002 |
| **CASE TITLE** | In Re: In Re: Holly Marine Towing | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons set forth on the attached Memorandum Opinion and Order, the Court denies Baker Heavy & Highway, Inc.'s motion to dismiss (65-1). Baker is ordered to answer Holly Marine Towing, Inc.'s third party claim within ten days of this order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 30 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | 02 OCT 29 PM 4:49 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT )<br>OF HOLLY MARINE TOWING, INC., )<br>OWNER OF THE BARGE HMT 7, FOR )<br>EXONERATION FROM OR )<br>LIMITATION OF LIABILITY )<br>-------------------------------------------------- )<br>)<br>HOLLY MARINE TOWING, INC., )<br>)<br>        Counterplaintiff, )<br>)<br>vs. )<br>)<br>BAKER HEAVY & HIGHWAY, INC. )<br>and JLG INDUSTRIES, INC., )<br>)<br>        Counterdefendants. ) | Case No. 00 C 4750 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Baker Heavy & Highway, Inc. has moved to dismiss the claim of Holly Marine Towing, Inc. pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, the Court denies Baker's motion.

### Background

Holly Marine Towing, Inc. owns a barge that it chartered to a construction company, Baker Heavy & Highway, Inc., which used the barge to perform construction work on a bridge over the Chicago Sanitary and Ship Canal, a navigable waterway. Two Baker employees, John Gindl and Lonny Staal, were operating a crane when it fell over the side of the barge into the canal, killing Gindl and injuring Staal. Gindl's estate and Staal sued Holly, Baker, and the

manufacturer of the crane in Illinois state court, charging them with negligence and other torts. Holly then filed an action in this Court for exoneration from or limitation of liability pursuant to the Limitation of Liability Act, 46 U.S.C. app. §§ 181-196. The Act provides that the liability of a shipowner for damages arising from a maritime accident which occurs "without the privity or knowledge of such owner" shall not exceed the value of the vessel and its freight. *Id.* § 183(a). Another judge of this Court entered an order enjoining all persons and entities from instituting or prosecuting any action for any losses incurred in connection with the accident, and directing notice to be published advising all persons with claims relating to the accident to file them in this Court. Claims were thereafter filed by Staal, Gindl, and JLG Industries, Inc., the manufacturer of the crane, the latter in anticipation of a claim for contribution against Holly. Holly in turned filed claims against Baker and JLG. In its claim against Baker, Holly seeks indemnification pursuant to a provision in the charter agreement by which Baker agreed to accept the barge as-is and to indemnify Holly from any claim arising from the claimed unseaworthiness of the barge during the period of hire. Baker has moved to dismiss Holly's claim pursuant to Rule 12(b)(6), arguing that the indemnification clause is void under Illinois law.

**Legal standard**

A motion to dismiss tests the sufficiency of the complaint without deciding its merits. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). The Court must construe all allegation in the Holly's complaint in the light most favorable to Holly, taking as true all of the third party claim's well-pleaded facts. *Bontkowski v. First Natl. Bank of Cicero,* 998 F.2d 459, 461 (7th Cir. 1993). We may dismiss the complaint only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the

2

complaint." *Cook v. Winfrey*, 141 F.3d 322, 327 (7th Cir. 1998).

## Discussion

Baker argues that the indemnity provision in the charter agreement is rendered void by the Illinois Construction Contract Indemnification and Negligence Act, which voids exculpatory clauses in construction contracts. The Act provides as follows:

> With respect to contracts or agreements, either public or private, for the construction, alteration, repair or maintenance of a building, structure, highway bridge, viaducts or other work dealing with construction, or for any moving, demolition or excavation connected therewith, every covenant, promise, or agreement to indemnify or hold harmless another person from that person's own negligence is void as against public policy and wholly unenforceable.

740 ILCS 35/1. Holly argues that the Act is inapplicable because the third party claim is not governed by Illinois law but rather is governed by federal maritime law, under which, it argues, that the indemnification provision is valid and enforceable.

### 1. What law governs

The federal courts' admiralty jurisdiction extends to all contracts that "have reference to maritime service or maritime transactions." *North Pacific S.S. Co. v. Hall Bros. Marine Ry. & Shipbuilding Co.*, 249 U.S. 119, 125 (1919). The charter agreement between Holly and Baker involves a vessel that was operated on navigable waters of the United States. Chartering a barge to operate on navigable waters is a maritime transaction. *Armour & Co. v. Ft. Morgan S.S. Co.*, 270 U.S. 253, 259 (1926).

The Seventh Circuit applied federal maritime law, rather than Illinois law, to resolve a dispute involving insurance on damaged barges used on a project on the Mississippi River in southern Illinois. *Continental Cas. Co. v. Anderson Excavating & Wrecking Co.*, 189 F.3d 512

3

(7th Cir. 1999). In *Continental,* Anderson chartered barges from McDonough Marine Service pursuant to an agreement containing a clause requiring Anderson to indemnify McDonough for damage to the barges. Anderson and McDonough settled, and Continental, Anderson's insurer, filed suit seeking a declaration of rights under the marine insurance policy that it had issued to Anderson. The Court was required to determine whether federal maritime law or Illinois law governed the case. It noted that the fact that the case was an admiralty case did not by itself dictate application of federal law, stating that a federal court in an admiralty case can "borrow" state law to resolve a dispute. *Id.* at 519. But it concluded that this could be done only after carefully analyzing whether admiralty law exists on the particular issue and, if so, whether the federal interest in developing a uniform body of law regulating the shipping industry "should trump the state's regulatory interest and expertise." *Id.* In *Continental,* the court ultimately concluded that federal admiralty law should apply because the insurance contract had "distinct maritime features and is best interpreted according to uniform interpretive principles shaped to those features." *Id.* Similarly, in *Rufolo v. Midwest Marine Contractor, Inc.,* 6 F.3d 448 (7th Cir. 1993), the Seventh Circuit applied federal maritime law principles, rather than Illinois law, to evaluate a claim for contribution arising from an injury that had occurred on a barge operated on Lake Michigan. In support of its ruling, the court cited the federal interest in uniformity. *Id.* at 450-51, citing *Romero v. International Terminal Operating Co.,* 358 U.S. 354, 373 (1959). *See generally Wilburn Boat Co. v. Fireman's Fund Insurance Co.,* 348 U.S. 310, 313-14 (1955).

Holly's contract with Baker is subject to the same principles. The charter agreement is a contract with distinct maritime features, and uniform rules of construction and enforceability are preferable to rules based on the particular interests deemed important by a given State. Thus

4

federal maritime law, not Illinois law, governs whether the indemnification provision is valid and enforceable.

2.  **Validity of the indemnification provision**

Baker has not cited, nor has the Court found, any cases reflecting that a provision in a maritime charter agreement requiring the charterer to indemnify the shipowner for claims based on unseaworthiness should be considered unenforceable as a matter of federal public policy. Rather, it appears that maritime law permits a party to indemnify itself by way of contract. In *Dupont v. Sandefer Oil & Gas, Inc.*, 963 F.2d 60 (5th Cir. 1992), the Fifth Circuit upheld an indemnification provision in a contract subject to maritime law against an argument that a Louisiana statute should render it unenforceable. And in *Verdine v. Ensco Offshore Co.*, 255 F.3d 246 (5th Cir. 2001), the same court reaffirmed, albeit in *dictum,* that "if maritime law applies ..., [a contractual] indemnity provision will be enforceable ...." *Id.* at 249. In addition, prior to Congress' enactment in 1972 of a statute governing the point, the Supreme Court upheld a shipowner's contract with a stevedore that had the effect of requiring the stevedore to indemnify the shipowner against a longshoreman's personal injury claim based on the ship's unseaworthiness. *See Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 261, 262 (1979) (discussing *Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp.*, 350 U.S. 124 (1956)). In short, the Court sees no basis to conclude that the contractual indemnity provision in this case is unenforceable as a matter of federal maritime law.

In its reply memorandum, Baker argues that even if maritime law governs this case, the indemnification provision does not protect Holly against the liability at issue in this case. It relies primarily on *Hoyne v. Peter Kiewit Sons, Inc.*, 407 F. Supp. 761 (N.D. Ill. 1976), in which

the court held that an indemnity provision in a maritime charter agreement was too general to indemnify the vessel owner against its own negligence. It stated that "an indemnity clause will not be construed to indemnify a person against his own negligence unless such intention is expressed in unequivocal terms," *id.* at 762 (citing *Capoziello v. Brasileiro,* 443 F.2d 1155 (2d Cir. 1971)), and it concluded that the provision at issue (which is quite similar to the indemnity clause in the present contract) was too general and thus not unequivocal. *Id.* But in the present case, Holly seeks indemnification not just for a negligence claim, but also claims of breach of implied warranty and strict liability in tort. Thus the viability of Holly's claim against Baker does not turn on whether the indemnification agreement is properly construed to cover a claim of negligence. The issue is more properly addressed at a later juncture, when the Court can consider it in a more focused context.

## Conclusion

For the reasons stated above, the Court denies Baker Heavy & Highway, Inc.'s motion to dismiss [docket item 65-1]. Baker is ordered to answer Holly Marine Towing, Inc.'s third party claim within ten days of this order.

MATTHEW F. KENNELLY
United States District Judge

Date: October 28, 2002

6