# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4750 | **DATE** | 6/16/2003 |
| **CASE TITLE** | | In Re: In Re: Holly Marine | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, all claims made against Holly as part of the present limitation proceeding are dismissed, as are the contribution claims by JLG Industries, Inc. and Baker Heavy & Highway, Inc., against Holly, and the contribution claims by Holly against those entities. The summary judgment motions filed by JLG and Baker (113, 114) are terminated as moot. The only matter that will remain in this Court is Holly's indemnity claim against Baker. That particular matter is set for a status hearing on 6/18/03 at 9:30 a.m.
(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 18 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 130 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | U.S. DISTRICT COURT CLERK  03 JUN 17 PM 4:25  Date/time received in central Clerk's Office | date mailed notice  mailing deputy initials | |

# ORDER

For the reasons stated in the Memorandum Opinion and Order, the Court approves the settlement between Holly Marine Towing, Inc. and claimants Gindl and Staal. All claims made against Holly as part of the present limitation proceeding are dismissed, as are the contribution claims by JLG Industries, Inc. and Baker Heavy & Highway, Inc. against Holly, and the contribution claims by Holly against those entities. The injunction against prosecution of other claims arising from the incident at issue in this case is dissolved. The claims of Staal and Gindl against JLG and Baker are to proceed in state court, and Baker's contribution claims against JLG and Compliance Safety Advocates, Inc. are dismissed without prejudice to refiling in that court. The summary judgment motions filed by JLG and Baker [113-1, 114-1] are terminated as moot. The only matter that will remain in this Court is Holly's indemnity claim against Baker. That particular matter is set for a status hearing on June 18, 2003 at 9:30 a.m.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN THE MATTER OF THE COMPLAINT )
OF HOLLY MARINE TOWING, INC., )
OWNER OF THE BARGE HMT 7, ) Case No. 00 C 4750
FOR EXONERATION FROM OR )
LIMITATION OF LIABILITY. )

**DOCKETED**
JUN 1 8 2003

<u>MEMORANDUM OPINION AND ORDER</u>

MATTHEW F. KENNELLY, District Judge:

Holly Marine Towing, Inc. is the owner of a barge called the HMT 7. On September 17, 1999, Holly chartered the barge to Baker Heavy & Highway, Inc. pursuant to a written charter agreement. On September 24, 1999, the HMT 7 was moored in the Chicago Sanitary and Ship Canal under the Interstate 55 highway overpass. A mechanical platform lift owned by Baker, and manufactured by JLG Industries, Inc., fell off the barge into the canal. Lonny Staal and John Gindl, two workers employed by Baker, were injured; Gindl died from his injuries. Gindl's estate and Staal each filed suit in state court against JLG, Baker, and Holly. Staal's suit was filed on June 1, 2000, and Gindl's was filed on August 21, 2000.

On August 4, 2000, Holly filed a complaint in this Court pursuant to the Limitation of Liability Act, 46 U.S.C. app. §§ 181-196, seeking exoneration from or limitation of its liability. The Act provides that the liability of a shipowner for damages arising from a maritime accident which occurs "without the privity or knowledge of the owner" shall not exceed the value of the vessel and its freight. *Id.* § 183(a). The Act was adopted in 1851, at a time when Congress sought to encourage the country's then-fledgling shipping industry, a purpose furthered by "exempting innocent shipowners from liability, beyond the amount of their interest." *Norwich &*

*New York Transportation Co. v. Wright*, 80 U.S. 104, 121 (1871); *Tug Allie-B, Inc. v. United States*, 273 F.3d 936, 946-47 (11th Cir. 2001). It has been commented that the Act's original purpose has long since become obsolete, *see Maryland Casualty Co. v. Cushing*, 347 U.S. 409, 437 (1954) (Black, J., dissenting), but the statute nonetheless remains on the books.

The Limitation of Liability Act establishes a procedure by which a shipowner may, within six months after receiving written notice of a claim, file a petition in federal court for limitation of its liability. The owner must deposit with the court a sum equal to the value of its interest in the vessel and freight, or approved security for that amount. Once that is done, the court enjoins the prosecution of other actions against the shipowner and directs all persons with claims to file them in the federal court. *Id.* §185. This so-called "concursus," *see Maryland Casualty*, 347 U.S. at 417, establishes "a single forum for determining whether the vessel owner is liable, and, if so, for determining whether the owner may limit its liability, assessing the value of the limitation fund and the claims on the fund, and deciding how the fund will be distributed." *Mediterranean Shipping Co. S.A. Geneva v. POL Atlantic*, 229 F.3d 397, 402 (2d Cir. 2000); *see also, e.g., S&E Shipping Corp. v. Chesapeake & Ohio Ry. Co.*, 678 F.2d 636, 642 (6th Cir. 1982). If the shipowner fails to establish its right to limitation, the original plaintiffs are released to pursue their original claims in full. The ordinary procedure is to allow the original plaintiffs to return to the forum they originally chose once the limitation proceeding is concluded, though the plaintiffs may elect to proceed in federal court, which can keep the case pursuant to its admiralty jurisdiction. *See, e.g., Pickle v. Char Lee Seafood, Inc.*, 174 F.3d 444, 449 (4th Cir. 1999); *Great Lakes Dredge & Dock Co. v. City of Chicago*, 3 F.2d 225, 231 n.9 (7th Cir. 1993); *Wheeler v. Marine Navigation Sulphur Carriers, Inc.*, 764 F.2d 1008, 1011 (4th Cir. 1985); *Fecht v.*

*Markowski*, 406 F.2d 721, 723 n.7 (5th Cir. 1969). The court conducting the limitation proceeding may hear and determine all matters related to the original limitation proceeding, including claims among the parties to the concursus, *see British Transport Commission v. United States*, 354 U.S. 129, 137, 138-39 (1957), though it is not clear that determination of the original plaintiff's claim may be forced into federal court over the plaintiff's objection.

Upon approval of Holly's proposed security (amounting to $10,900), Judge Ronald Guzmán entered an order enjoining all persons and entities from instituting or prosecuting any action arising from "the matters and things set forth in [Holly's] Complaint," *see* Order dated August 14, 2000, and directing the publication of notice advising all persons with claims relating to the accident to file them in this Court. Claims were filed by Staal, Gindl, and JLG – the latter in anticipation of a claim for contribution against Holly. Holly filed counterclaims against JLG and Baker, seeking contribution from both under state law and indemnity from Baker pursuant to the terms of their charter agreement.

Baker ultimately took the position that it is a "bareboat charterer" and thus stands in the same position as a shipowner for purposes of the Limitation of Liability Act. *See generally Mediterranean Shipping*, 229 F.3d at 400; *Blanco v. United States*, 775 F.2d 53, 58 (2d Cir. 1985). In early August 2002, it was given leave to file (without objection by Holly) an affirmative defense to Holly's counterclaim asserting its purported right to limitation of liability. Around the same time, Baker asserted the same affirmative defense in the Gindl and Staal state court actions.

The discussion at a status hearing on August 20, 2002 reflects that Baker assumed that its filing of the limitation defense had the effect of including its assertion of limitation as part of the

concursus initiated by Holly's petition and entitled it to have its claim for limitation of liability determined by this Court. For purposes of establishing a discovery schedule, the Court made the same assumption, and we set the schedule based on the premise that all controversies arising from Staal and Gindl's injuries would be determined here. But we did not undertake to determine that issue at the time – provisionally or finally – and thus the other parties were not called upon to address whether Baker's actions sufficed to produce its desired result.

Holly has now asked the Court to approve a proposed settlement that it has negotiated with Gindl and Staal. The proposed settlement involves payment of half of Holly's limitation fund to each state court plaintiff ($5,450 each). It is conditioned on Gindl and Staal being able to return to state court and pursue their claims in the forum they originally chose.

Baker objected to the proposed settlement. It argued, among other things, that the exhaustion of the limitation fund without dealing with the claims of JLG and Baker to the fund would contravene the purpose of the Limitation of Liability Act. Baker also argued that it was entitled to have its request for limitation of its own liability determined in this Court.

In response, Holly argued that the proposed settlement effectively would dispose of all of the claims made against it, thus terminating the "concursus." First, it argued that as a matter of admiralty law, under *McDermott v. AmClyde*, 511 U.S. 202 (1994), the settlement with Gindl & Staal would bar all further contribution claims against Holly, and that JLG and Baker, if ultimately found liable to Gindl and/or Staal, would be entitled to a credit equal to Holly's proportionate share of the fault. Second, Holly stated that upon approval of its settlement, it would dismiss its contribution claims against JLG and Baker, leaving only its contractual indemnity claim against Baker. Though that claim arises under admiralty law and thus can

4

remain in this Court pursuant to our admiralty jurisdiction, it is not a claim as to which Baker, as a bareboat charterer, is entitled to seek the protection of the Limitation of Liability Act, as the Act does not apply to claims based on contract. *Mediterranean Shipping*, 229 F.3d at 403; *S&E Shipping*, 678 F.2d at 644-45. Holly stated that it took no position on whether Baker's filing of a limitation defense in the state court was effective to entitle Baker to have that issue determined in this Court.

The Court ordered further briefing and argument on the question of what could and should remain in this Court and on the question of approval of the proposed settlement. As part of their submissions, Gindl and Staal argued that Baker's assertion of the limitation of liability affirmative defense did not enable Baker to invoke this Court's jurisdiction. They argued that Baker's assertion of the defense in the state court cases did not confer jurisdiction on this Court to decide the question of limitation of Baker's liability, and that Baker's assertion of a limitation defense to Holly's counterclaim (the only document in which Baker had asserted the defense in this Court) had no effect on Gindl and Staal's claims.

Baker responded by arguing that the "concursus" established by Holly's filing of its petition for limitation of liability covered not just claims against Holly, but all claims relating to the entire controversy. Thus, Baker argued, once it later raised the issue of limitation of its own liability in response to the Gindl and Staal claims – even though it did so only by filing an affirmative defense in state court – it was entitled to have this Court determine that issue as well, irrespective of the disposition of Holly's limitation claim.

Determination of whether Baker has properly invoked this Court's jurisdiction to determine the limitation of its liability is critical to the question of whether the Court should

approve Holly's proposed settlement with Gindl and Staal. If Baker's limitation claim is properly before this Court, the settlement cannot be approved, because we would be unable to return the remainder of the controversy to state court, at least not until Baker's entitlement to limitation is determined.

The issue is a knotty one. First of all, as noted earlier, it is clear from the August 20, 2002 colloquy – which occurred within a few days after Baker had filed its limitation defense in both state and federal courts – that Baker assumed at that point that its request for limitation would be determined here. For this reason, one cannot fault Baker for failing to take steps after that date to preserve its right to do so. But that does not resolve the issue now before the Court, for Baker's ability to invoke this Court's jurisdiction to determine its limitation claim arguably had already expired by August 2002.

Prior to 1936, a vessel owner[1] could seek limitation of its liability under §185 at any time – even after the owner had lost the underlying lawsuit. *See Cincinnati Gas & Electric Co. v. Abel*, 533 F.2d 1001, 1003 (6th Cir. 1976); *In re Bayview Charter Boats, Inc.*, 692 F. Supp. 1480, 1483 (E.D.N.Y. 1988). But in 1936, §185 was amended to provide that a petition for limitation of liability must be filed within six months after the owner receives written notice of a claim. The purpose of this provision was "to cut down the right of a shipowner to limit his liability." *Cincinnati Gas*, 533 F.2d at 1005. The six month time limit is a condition precedent that the shipowner must meet in order for the federal court to have jurisdiction over the limitation proceeding. *Id.* at 1003; *see also Bayview Charter Boats*, 692 F. Supp. at 1483.

The Limitation of Liability Act provides a second avenue for a vessel owner to assert its

---

[1] Our use of this term includes a bareboat charterer.

6

right to limitation of its liability. The Act's substantive provision permitting limitation of liability is contained in §183. A shipowner can "set up [limitation] as a defense" by pleading a §183 defense in an answer filed in any court, including a state court. *Langnes v. Green*, 282 U.S. 531, 543 (1931). But once a shipowner's right to limit liability is contested (as it is in this case), the matter can be determined only by a federal court as it is cognizable only in admiralty. *Id.*; *Norwich & New York Transportation Co. v. Wright*, 80 U.S. 104 (1872). The right to assert limitation as an affirmative defense survived the 1936 amendments to the Limitation of Liability Act. *See, e.g., Cincinnati Gas*, 533 F.2d at 1004; *Deep Sea Tangers v. The Long Branch*, 258 F.2d 757, 772-73 (2d Cir. 1958); *The Chickie*, 141 F.2d 80, 85 (3d Cir. 1944).

If limitation is pled as an affirmative defense to an claim already pending in federal court, nothing more need be done to confer the federal court with jurisdiction to determine the limitation defense. *See Vatican Shrimp*, 820 F.2d at 678; *Bayview Charter Boats*, 692 F. Supp. at 1483, 1486. As indicated earlier, Baker asserted limitation as an affirmative defense to Holly's crossclaim filed in this Court. This defense does not, however, entitle Baker to pursue the limitation issue with respect to the claims of Gindl and Staal, which were not made in this Court. Moreover, Holly's crossclaim against Baker will be extinguished as part of Holly's settlement with Gindl and Staal, except for its contractual indemnity claim against Baker, as to which Baker is not entitled to assert the limitation defense. Thus upon approval of the settlement there will be no claim pending in this Court as to which Baker has properly asserted a limitation defense.

Filing an affirmative defense in a state court action, as Baker did in this case, does not by itself confer jurisdiction upon a federal court, *see Vatican Shrimp Co. v. Solis*, 820 F.2d 674, 677 (5th Cir. 1987); something has to be done to bring the limitation issue into a federal forum.

Baker cannot remove the Gindl and Staal state court cases to federal court based on its affirmative defense (a step it has not attempted in any event); the so-called "well-pleaded complaint" rule, under which removal jurisdiction must be determined from the plaintiff's complaint, not the defendant's defenses, precludes this. *Vatican Shrimp*, 820 F.2d at 680 n.6; *Bayview Charter Boats, Inc.*, 692 F. Supp. at 1487.

In short, under ordinary circumstances, when the claim as to which limitation of liability is sought is made in state court, the only way to obtain federal jurisdiction is by filing a petition under §185. Prior to 1936, the need to take this second step posed no real burden on a shipowner, as the §185 petition could be filed at any time – as we have noted, even after judgment was entered against the shipowner in the state court. But that is no longer so; now there is a six month limit on filing a §185 petition, a limit that Baker has not met (and did not meet it even were we to use the date on which it first asserted the limitation issue in its pleadings).

The courts who have addressed this issue have determined that the assertion of a limitation defense in a state court case does not by itself preserve the issue for federal determination; a §185 petition must be filed. *See, e.g., Vatican Shrimp Co., Inc. v. Solis*, 820 F.2d 674, 678 (5th Cir. 1987); *Cincinnati Gas*, 533 F.2d at 1004-05; *Bayview Charter Boats*, 692 F. Supp. at 1486-87. As the Sixth Circuit stated in *Cincinnati Gas*, "an owner who receives a notice of a claim acts at his peril if he fails to file a petition for limitation in a federal court within six months." *Cincinnati Gas*, 533 F.2d at 1005. This Court agrees. As indicated earlier, the filing of an affirmative defense in a state court case does not by itself bring the matter to the attention of the federal court; further affirmative steps by the shipowner are required – namely

the filing of a §185 petition. To allow the shipowner faced with a state court claim to sit back and wait, raising the limitation defense only when it feels that it is in its interest to do so, would vitiate Congress' intent in imposing the six month limit on §185 petitions.

Baker contends that because an existing "concursus" was already pending, it was relieved from the need to file a §185 petition. But although a federal court *can* determine all of the claims underlying a limitation of liability proceeding, it is not required to do so, and invocation of the term "concursus" does not mean that any party making a claim is necessarily entitled to have it determined in federal court. Indeed, the essential purpose of the concursus is not to determine everything arising from the underlying controversy; rather it is to determine the amount of the shipowner's limitation fund, resolve claims made against the shipowner, and decide how the fund will be distributed. *See, e.g., Mediterranean Shipping*, 229 F.3d at 402; *Pickle*, 174 F.3d at 449; *In re Dammers & Vanderheide & Scheepvaart Maats Christina*, 836 F.2d 750, 755 (2d Cir. 1988); *S&E Shipping*, 678 F.2d at 642.

Baker cites no authority for its argument that it is entitled to piggyback on Holly's §185 petition, other than the general proposition that a federal court considering a §185 petition has the authority to address all aspects of the underlying controversy. Moreover, in addition to its delay long beyond the six month limit after it first received notice of a claim, Baker has done none of the things required as prerequisites to the initiation of a concursus: posting cash or surety, and requesting the court to send notice to potential claimants. Instead, Baker's assertion of the limitation issue seems to have been somewhat of an afterthought; it has never explained why it waited so long (until August 2002) to raise the issue.

Conducting a second concursus at this point would dramatically expand the issues that

9

this Court would be required to determine. Among other things, the parties and the Court would have to address whether the injury occurred "without the privity or knowledge" of Baker. This is a significant issue; in their recent brief addressing the issues now before the Court, Gindl and Staal argued that limitation might not be available to Baker in any event: there is evidence that Baker's supervisory personnel on the work site knew of the manner in which the mechanical lift was being operated. Now that the original matter that brought the case into federal court has been resolved by Holly, the Court is not willing to allow Baker to belatedly initiate a concursus of its own without having attempted to comply with the legal requirements for doing so.

In sum, the Court concludes that Baker cannot invoke federal jurisdiction to determine its limitation of liability defense to Gindl and Staal's claims or to obtain a concursus of possible claims against Baker. Having made this determination, we return to Baker's objections to the proposed settlement between Holly and the state court plaintiffs. Because Baker has no right to a federal forum, its objection to return of Gindl and Staal's claims to state court is without merit. In addition, the Court agrees with Holly that under *McDermott v. AmClyde,* the settlement of the plaintiffs' claims against Holly extinguishes the claim by Baker and JLG against Holly (which essentially amount to contribution claims); Baker and JLG will be entitled to a credit, equal to the percentage of Holly's fault, against any eventual judgment in the plaintiffs' favor. Finally, as noted earlier, Baker cannot assert limitation of liability as a defense to Holly's contractual indemnity claim.

For these reasons, the Court approves the proposed settlement between Holly and Gindl and Staal and accordingly dismisses all of the claims made against Holly as part of the limitation proceeding (Holly will also be entitled to dismissal of Gindl and Staal's state court claims against

it, a step which we assume will take place in state court in the near future). Holly's limitation of liability claim is therefore dismissed with prejudice. Its contribution claims against Baker and JLG are likewise dismissed, as are Baker and JLG's contribution claims against Holly.

The limitation issue involving Holly having now been disposed of, there is no reason for this Court to retain jurisdiction of the underlying claims that led Holly to initiate the limitation proceeding. Gindl and Staal's personal injury and wrongful death claims arise under state law; they filed them in state court and are entitled, barring some countervailing reason that no longer exists (if it ever did to begin with), to pursue those claims in the forum they chose. Because Holly's limitation claim was settled, this Court had no occasion to deal with the merits of the underlying claims, and thus no useful purpose would be achieved by keeping the matter here. They are to proceed in state court. For the same reason, Baker's contribution claims against JLG and Compliance Safety Advocates which were filed in this Court are dismissed without prejudice to refiling in state court. Finally, the injunction barring the prosecution of claims relating to this matter is dissolved.

## Conclusion

For the reasons stated above, the Court approves the settlement between Holly Marine Towing, Inc. and claimants Gindl and Staal. All claims made against Holly as part of the present limitation proceeding are dismissed, as are the contribution claims by JLG Industries, Inc. and Baker Heavy & Highway, Inc. against Holly, and the contribution claims by Holly against those entities. The injunction against prosecution of other claims arising from the incident at issue in this case is dissolved. The claims of Staal and Gindl against JLG and Baker are to proceed in state court, and Baker's contribution claims against JLG and Compliance Safety Advocates, Inc.

11

are dismissed without prejudice to refiling in that court. The summary judgment motions filed by JLG and Baker [113-1, 114-1] are terminated as moot. The only matter that will remain in this Court is Holly's indemnity claim against Baker. That particular matter is set for a status hearing on June 18, 2003 at 9:30 a.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 16, 2003